**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| CYBERGUN S.A., a French corporation and FN HERSTAL S.A., a Belgian corporation,<br><br>   Plaintiffs-counter-claim-defendants - Appellees,<br><br> v.<br><br>JAG PRECISION, INC., a California corporation,<br><br>   Defendant-counter-claimant - Appellant. | No. 12-17640<br><br>D.C. No. 2:12-cv-00074-KJD-GWF<br><br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
Kent J. Dawson, District Judge, Presiding

Argued and Submitted July 9, 2013
San Francisco, California

Before: FERNANDEZ, PAEZ, and BERZON, Circuit Judges.

Defendant Jag Precision appeals the district court's order granting plaintiffs'

motion for a preliminary injunction barring Jag from "making, using, selling, and

---

  [*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

offering to sell" airsoft guns that replicate the designs of firearms made and designed by plaintiff FN Herstal (FNH). The plaintiffs, Cybergun and FNH, brought this action claiming that the designs of the firearms in question—the M249, M249 PARA, and P90—are protected trade dress under the Lanham Act, 15 U.S.C. § 1125.

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

"We review the grant or denial of a preliminary injunction for abuse of discretion. Our review is limited and deferential, and [w]e do not review the underlying merits of the case." *Am. Trucking Ass'ns v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009) (internal quotation marks and citation omitted) (alteration in original). The district court's factual findings are reviewed for clear error. *Leigh v. Salazar*, 677 F.3d 892, 896 (9th Cir. 2012).

Here, we conclude that the district court did not abuse its discretion by finding that the plaintiffs are likely to succeed on the merits. The district court properly identified the three elements a plaintiff must establish to succeed on a

trade dress claim: (1) nonfunctionality, (2) inherent distinctiveness or acquired distinctiveness through secondary meaning, and (3) a likelihood of confusion between the plaintiff's and defendant's products. *Disc Golf Ass'n v. Champion Discs, Inc.*, 158 F.3d 1002, 1005 (9th Cir. 1998). With respect to nonfunctionality, the district court identified the proper legal test, which is whether the product features are de jure functional. *See Leatherman Tool Group v. Cooper Indus.*, 199 F.3d 1009, 1014 (9th Cir. 1999). If the features are de jure functional, they cannot be accorded trade dress protection. *Id.*

The district court found that the designs for which the plaintiffs seek trade dress protection are not de jure functional. Although there are competing declarations in the record on this question, this finding is supported by the evidence and therefore is not clearly erroneous. The district court also applied the proper legal standards to the secondary meaning and likelihood of confusion inquiries. The court's findings that the designs have acquired secondary meaning and that consumers are likely to confuse plaintiffs' and defendant's products are also supported by the record and therefore are not clearly erroneous.

The district court found that the plaintiffs are likely to suffer irreparable harm. This finding is supported by evidence in the record including a detailed declaration from Cybergun's chief administrative officer. The declaration

describes Cybergun's investment in FNH's designs and consequent competitive disadvantage to Jag, the likelihood that Jag's products will dilute and tarnish Cybergun's goodwill in the airsoft gun market, and the probability that Jag will unfairly obtain market share, which Cybergun may not be able to regain. We also conclude that the district court did not abuse its discretion in determining that the balance of equities tips in favor of the plaintiffs and granting the injunction is in the public interest.

**AFFIRMED.**